## J. L. SPRAGUE, Defendant in Error, v. LILLIAN A. MATHIAS, Plaintiff in Error.

St. Louis Court of Appeals. Argued and Submitted April 7, 1910. Opinion Filed April 19, 1910.

1. **APPELLATE PRACTICE: Abstract: Sufficiency of.** Under court rules 14 and 15, providing that, where a case is brought up by a full written transcript, the plaintiff in error shall deliver a copy of his abstract of the record to defendant in error and file copies with the clerk, and that it shall contain a complete index and must set forth so much of the record as is necessary to a complete understanding of all questions presented for decision—that is an abstract of the record proper and all matters of exception, a statement containing no reference as to when a bill of exceptions was filed, no exceptions to rulings on evidence, or on instructions, or to overruling a motion for new trial, save an exception to overruling the demurrer to the evidence at the close of plaintiff's case, and no summary of pleadings, except a reference to some of the counts in the petition, following which is a synopsis of the testimony for plaintiff and defendant, and this followed by a heading "Assignment of Errors" and then by the heading "Argument, Points and Authorities," is not an abstract such as is required by said rules.

2. ———: **Necessity of Exception to Overruling of Motion for New Trial.** Where no exception is saved to the overruling of a motion for a new trial, the appellate court will not review proceedings at the trial nor notice any errors not appearing in the record proper.

3. ———: **Non-Compliance with Rules: Affirmance of Judgment.** Where, under court rules 14 and 15, there is no abstract of the record, the absence of which would authorize the dismissal of a writ of error, and in addition there is a failure to except to the overruling of the motion for a new trial, and the judgment is sustained by the petition and is in accordance with the issues, the judgment will be affirmed.

Error to St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

*P. P. Mason* for appellant.

*Jos. Barton* for respondent.

REYNOLDS, P. J.—This case is here on a full typewritten transcript, filed in this court August 30, 1909, and is on the April, 1910, docket of our court.

Rule 32 of our court makes the rules as amended July 20, 1909, take effect August 15, 1909, provided they shall not apply to cases on the docket for October November and December, 1909. Hence those rules govern the appeal in this case.

Rule 14 provides that in all cases where a complete written or printed transcript is brought to this court in the first instance, "the appellant (or plaintiff in error [see Rule 2]) shall make and deliver to respondent a copy of his abstract of the record at least 30 days before the day on which the cause is set for hearing and file six copies thereof with the clerk of this court not later than the day preceding the one on which the case is set for hearing." This is substantially section 813, Revised Statutes 1899, in so far as it requires an ab-

stract when the case is brought up on full transcript. Rule 15 prescribes the requisites of an abstract. Among other things it must have a complete index, and must set forth so much of the record as is necessary to a full and complete understanding of all questions presented to the court for decision. That involves setting out all jurisdictional matters—an abstract of the record proper and of all matters of exception. Rule 21 provides that on failure to comply with rules 12, 14, 15, 16 and 18, the court will dismiss the appeal or writ of error or at the option of the respondent continue the cause. In the case before us there is no abstract whatever on file. There is what is labeled "Statement, Points and Authorities for Respondent." That statement is in no sense an abstract. No reference is made in it as to when a bill of exceptions was filed, if that was ever done; not an exception noted to rulings on evidence, or on instructions or to overruling a motion for new trial, save an exception to overruling the demurrer to the evidence at close of plaintiff's case and at close of all the evidence. There is not even a summary of the pleadings, the statement referring to them thus: "There are three counts in the petition: The first based on an alleged verbal contract to pay $1125.00. Tr. 2. . . . . The third count is based on *quantum meruit* (sic), and asks for judgment for $457.85. Tr. 5." Then follows these entries: "Defendant's motion for new trial Tr. 19, duly filed, was overruled, Tr. 20, appeal was granted to plaintiff to this court, Tr. 21. Appeal perfected. *Bill of Exceptions.* At close of plaintiff's case, defendant offered an instruction in the nature of a demurrer to the evidence, Tr. 77, which was overruled, and to which defendant excepted at the time, Tr 77." Following this is a synopsis of the testimony for plaintiff and defendant. Following that is what is headed "Assignment of Errors." Six errors are assigned and then follows: "Argument, Points and Authorities," and this is

duly signed by counsel. The respondent's counsel invokes our rules as against this, claiming it is not an abstract. Even if counsel did not appeal to our rules, we would be obliged to apply them when the defects in this so-called statement are so glaring. The absence of an abstract would ordinarily bar us from going to the transcript ourselves. Out of the desire, however, to do no injustice, we have looked into the transcript, a thing the Supreme Court has declared it will not do, far enough to see whether an exception had been saved to the action of the trial court in overruling the motion for a new trial and was present in the transcript but had been omitted inadvertently from the statement. There is no entry showing any such exception. If no exception is saved to the overruling of a motion for a new trial we cannot review either proceedings at the trial, nor notice any errors appearing in the record proper. This case is here therefore without any sufficient compliance whatever with rules 14 and 15. Our Supreme Court, construing a rule identical with our Rule 14, in Whiting v. Big River Lead Co., 195 Mo. 509, 92 S. W. 883, and in a case very like this, dismissed the appeal, holding that the abstract cannot be dispensed with. They accordingly dismissed the appeal, as we might this writ of error. In this case, however, we have more than failure to comply with a rule, we have a failure to except to the overruling of the motion for a new trial. In such case, no errors at the trial can be noticed and if the judgment is sustained by the petition, and is in accordance with the issues, it is not subject to arrest for errors, and we must affirm it. Finding no error of record and there being no pretense that the petition fails to state a good cause of action, the judgment of the circuit court is affirmed. All concur.